**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Case No. 24-04510-5-JNC** |
| **THE LITTLE MINT, INC.** | ) | |
| | ) | **Chapter 11** |
| Debtor. | ) | |
| | ) | |
| **THE LITTLE MINT, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Adversary Proceeding** |
| v. | ) | **Case No.:** |
| | ) | |
| **U.S. SMALL BUSINESS** | ) | |
| **ADMINISTRATION** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**COMPLAINT**</u>

**COMES NOW** This Little Mint, Inc. ("Plaintiff" or "Debtor"), by and through its undersigned counsel of record, and complaining of Defendant U.S. Small Business Administration ("Defendant" or "SBA"), and alleges and says:

<u>**Parties, Jurisdiction, and Venue**</u>

1.      The Debtor filed a petition under Chapter 11 of the Bankruptcy Code commencing this case on December 31, 2024 (the "Petition Date") and operates as a Debtor-in-Possession.

2.      The Debtor is a North Carolina corporation, founded in 1991 and headquartered in Mount Olive, North Carolina, that operates a fast casual restaurant chain known as "Hwy 55 Burger Shakes & Fries".

3.      The Defendant is an agency of the United States of America.

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the United States District Court for the Eastern District of North Carolina.

5.      This is a core proceeding under 28 U.S.C. § 157(b).

6.      Venue is appropriate in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The Debtor consents to the entry of final orders or judgment by this Court.

**General Allegations**

The SBA Loans

8.      On or about February 9, 2022, the SBA made a loan to Dylan James Management, Inc. ("Dylan James") in the original principal amount of $500,000.00 as evidenced by a promissory note executed by Dylan James (the "Dylan James Note").

9.      A true and correct copy of the Dylan James Note is attached hereto as **Exhibit A**.

10.     The Dylan James Note is secured by a security agreement from Dylan James in favor of the SBA dated February 9, 2022 (the "Dylan James Security Agreement").

11.     A true and correct copy of the Dylan James Security Agreement is attached hereto as **Exhibit B**.

12.     The SBA filed a UCC-1 financing statement with the office of the North Carolina Secretary of State on February 23, 2022 in the name of Dylan James, bearing File No. 20220023693M (the "Dylan James Financing Statement").

13.     A true and correct copy of the Dylan James Financing Statement is attached hereto as **Exhibit C**.

14.     On or about February 10, 2022, the SBA made a loan to Moon Unit, Inc. ("Moon Unit") in the original principal amount of $500,000.00 as evidenced by a promissory note executed by Moon Unit (the "Moon Unit Note").

15.     A true and correct copy of the Moon Unit Note is attached hereto as **Exhibit D**.

16.     The Moon Unit Note is secured by a security agreement from Moon Unit in favor of the SBA dated February 10, 2022 (the "Moon Unit Security Agreement").

17.     A true and correct copy of the Moon Unit Security Agreement is attached hereto as **Exhibit E**.

18.     The SBA filed a UCC-1 financing statement with the office of the North Carolina Secretary of State on February 24, 2022 in the name of Moon Unit, bearing File No. 20220023693M (the "Moon Unit Financing Statement").

19.     A true and correct copy of the Moon Unit Financing Statement is attached hereto as **Exhibit F**.

20.     On or about March 23, 2022, the SBA made a loan to the Debtor in the original principal amount of $22,100.00 as evidenced by a promissory note executed by the Debtor (the "Debtor Note").

21.     A true and correct copy of the Debtor Note is attached hereto as **Exhibit G**.

22.     Both Dylan James and Moon Unit merged with and into the Debtor on July 27, 2023.

23.     The SBA failed to file amendments to its financing statements under N.C. Gen. Stat. § 25-9-507 and/or N.C. Gen. Stat. § 25-9-508 to reflect the name change and/or merger of either Dylan James or Moon Unit into the Debtor.

24.     Johnson Breeders, Inc. ("Johnson Breeders") filed a UCC-1 financing statement against the Debtor with the office of the North Carolina Secretary of State on March 19, 2024, bearing File No. 20240032607H (the "Johnson Breeders Financing Statement").

25.     A true and correct copy of the Johnson Breeders Financing Statement is attached hereto as **Exhibit H**.

26.     Institution Food House, Inc. ("Institution Food") and Performance Food Group, Inc. ("PFG") filed a UCC-1 financing statement with the office of the North Carolina Secretary of State on June 27, 2024, bearing File No. 20240078499G (the "Institution Food Financing Statement").

27.     A true and correct copy of the Institution Food Financing Statement is attached hereto as **Exhibit I**.

28.     PFG filed a UCC-1 financing statement with the office of the North Carolina Secretary of State on July 9, 2024, bearing File No. 20240082577J (the "PFG Financing Statement").

29.     A true and correct copy of the PFG Financing Statement is attached hereto as **Exhibit J**.

30.     The SBA has acknowledged that its security interest is unperfected as to any personal property acquired by the Debtor more than four (4) months following the merger of Dylan James and Moon Unit into the Debtor, consistent with N.C. Gen. Stat. § 25-9-507 and N.C. Gen. Stat. § 25-9-508.  See DE# 92.

31.     The SBA has acknowledged that its security interests are subordinate to valid security interests in the Debtor's assets which are perfected by properly filed financing statements in the name of the Debtor.  See DE# 159.

32.     On February 25, 2025, the Bankruptcy Court entered a Consent Order Determining Extent, Validity and Priority of Certain Liens [DE# 187] (the "Consent Order") wherein it determined that the security interests asserted by the SBA in all tangible and intangible personal property of the Debtor are subordinate to the security interests asserted by PFG in the Debtor's tangible and intangible personal property.  The Consent Order further provides that Johnson Breeders has a first-priority lien on the Debtor's general intangibles and accounts.

33.     On May 21, 2025, the SBA filed its proof of claim, CM/ECF Claim No. 143 and Omni Claim No. 200, wherein it asserts a secured claim in the amount of $150,000.00 and an unsecured claim in the amount of $961,323.43, for a total claim amount of $1,111,323.43 (the "SBA Claim").

### First Claim for Relief
(Objection to SBA Claim – 11 U.S.C. § 502)

34.     The allegations set forth above are hereby realleged and incorporated herein by reference as if fully set forth.

35.     The Debtor objects to the SBA Claim insofar as it is filed as a secure claim.  Upon information and belief, there is insufficient value in the Debtor's assets to fully secure the creditors with superior liens in the Debtor's assets ahead of the SBA, including without limitation Johnson Breeders and PFG.

36.     To the extent it is allowed, the SBA Claim should be treated as wholly unsecured.

### Second Claim for Relief
(Avoidance and Preservation of Purported Liens – 11 U.S.C. §§  506(d), 544 and 551)

37.     The allegations set forth above are hereby realleged and incorporated herein by reference as if fully set forth.

38.     Any purported lien of the SBA in any tangible or intangible personal property acquired by the Debtor more than four (4) months following the merger of Dylan James and Moon Unit into the Debtor is unperfected.  Pursuant to 11 U.S.C. § 544, any such lien should therefore be avoided and the property interest so recovered preserved for the benefit of the estate under 11 U.S.C. § 551.

39.     Pursuant to 11 U.S.C. § 506(d), because the purported UCC lien of the Defendant is not supported by an allowed secured claim, such purported lien is void and the property interest so recovered is preserved for the benefit of the estate under 11 U.S.C. § 551.

**WHEREFORE**, the Debtor prays that the Court grant the following relief:

1.     To disallow the SBA Claim;

2.     To the extent it is allowed, to treat the SBA Claim as wholly unsecured;

3.     To void any purported lien of the SBA and the property interest so transferred be preserved for the benefit of the estate under 11 U.S.C. §§ 506(d), 544 and 551;

4.     To tax the costs of this action against the SBA; and

5.     For such other and further relief as the Court deems just and proper.

This the 20th day of June, 2025.          **HENDREN, REDWINE & MALONE, PLLC**

s/Rebecca Redwine Grow
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Stoney (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 420-7867
Email: jhendren@hendrenmalone.com
          rredwine@hendrenmalone.com
          bwaller@hendrenmalone.com
          lstoney@hendrenmalone.com
*Counsel for the Debtor*